IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DEBORAH LOUISE MARTIN, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-10-51-HE
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
      Defendant. )

## **REPORT AND RECOMMENDATION**

Ms. Deborah Martin applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 71-73 (certified Mar. 3, 2010) ("Rec.").[1] The Social Security Administration denied the applications,[2] prompting Ms. Martin to initiate the present action. The Court should affirm the agency's decision.

I.    STANDARD OF REVIEW

The Court's review entails only a determination of whether the administrative decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the Social Security Administration's decision lacks substantial evidence or is

---

[1]     The documents related to the claim for supplemental security income are not included in the record. *See* Rec. at p. 3.

[2]     Rec. at pp. 5-7, 13-19, 54-55.

based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the agency. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

II.     DR SIDDIQUI'S OPINION

Dr. Abdul Siddiqui was Ms. Martin's treating physician from February 2004 to July 2007. *See* Rec. at pp. 199-215, 219, 222-23, 232. On August 23, 2006, Dr. Siddiqui stated: "Ms. Martin has been my patient and has been disabled due to her chronic pain and DJD of her knees and back." *Id.* at p. 232. According to the Plaintiff, the administrative law judge erred by failing to give controlling weight to Dr. Siddiqui's opinion that a disability existed. This argument is invalid as a matter of law.

A treating source's opinion on the existence of a disability is not entitled to controlling weight because the issue is reserved for the Commissioner. *See* Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 2, 5-6 (July 2, 1996).

The administrative law judge considered Dr. Siddiqui's opinion and stated:

> Dr. Siddiqui's August 23, 2006 brief note indicating the claimant was disabled due to chronic pain and degenerative joint disease of her knees and back is not given controlling weight because it is conclusory and not consistent with the weight of the medical evidence. His contemporaneous treatment notes do not generally include findings on physical examination indicative of a disabling impairment. The ultimate determination of disability is reserved to the Commissioner of the Social Security Administration.

Rec. at p. 18 (citation omitted).

The Plaintiff's only challenge to this explanation is that it failed to accord controlling weight to Dr. Siddiqui's opinion on the existence of a disability. But as a matter of law, the administrative law judge had no duty to give controlling weight to the opinion because it dealt with an ultimate issue reserved for the Commissioner. *See supra* p. 2. Accordingly, the Court should reject the Plaintiff's claim.

III.   STEP FOUR

At step four, the administrative law judge concluded that Ms. Martin had the residual functional capacity ("RFC") to perform sedentary work, with some additional limitations. *Id.* at pp. 16-17. According to the judge, the Plaintiff could:

- occasionally lift and/or carry up to 10 pounds,
- stand and/or walk for at least 2 hours during an 8-hour workday with normal breaks,
- sit up to 6 hours during an 8-hour workday with normal breaks,
- occasionally climb, balance, stoop, kneel, crouch, and crawl,
- understand, remember, and carry out simple and complex instructions,
- interact appropriately with supervisors, co-workers, and the general public, and
- adapt to changes in the work environment.

*Id.* at p. 17. With this assessment, the judge concluded that Ms. Martin could return to her past "sedentary" and "semi-skilled" jobs as a telephone solicitor and appointment clerk. *Id.* at p. 19.

Ms. Martin alleges four errors:

- an ability to perform less than sedentary work should result in a *per se* finding of disability,

- pain would have prevented a return to the past jobs,

- the administrative law judge overlooked the need for a sit-stand option and use of a cane, which conflict with an ability to perform the past relevant work, and

- the judge failed to explain how the Plaintiff could maintain employment in her past relevant work.

These arguments are invalid.

A. <u>The RFC Determination Does Not Equate to a *Per Se* Finding of Disability</u>

As stated, the administrative law judge opined that the Plaintiff could perform the demands of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967(a), with additional restrictions. *See supra* p. 3. Relying on *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739 (10th Cir. 1993), Ms. Martin argues that the imposition of additional restrictions should result in a *per se* finding of disability. *See infra* p. 5.

The Plaintiff's argument is foreclosed by Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*, 1996 WL 374185 (July 2, 1996). This ruling states:

> [A] finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there

is other work in the national economy that the individual is able to do, considering age, education, and work experience.

Social Security Ruling 96-9p, 1996 WL 374185, Westlaw op. at 1. The ruling was binding on the administrative law judge. *See* 20 C.F.R. § 402.35(b)(1); *see also infra* note 3.

Ms. Martin's argument relies solely on *Sisco*. *See supra* p. 4. But reliance on this decision is misplaced. There the Tenth Circuit Court of Appeals rejected the administrative decision because:

- the plaintiff had presented medical evidence in support of her claim and

- the administrative law judge believed that the plaintiff's medical history had contradicted a latter diagnosis.

*Sisco v. United States Department of Health and Human Services*, 10 F.3d at 743-45. In remanding for an award of benefits, the court made the following remark: "Because sedentary work is the lowest classification under the statute, there is no need for further proceedings in this matter other than a remand for an award of benefits." *Id.* at 745-46. Relying on this language in *Sisco*, Ms. Martin argues: "Likewise, a favorable decision should issue in this case, insofar as Mrs. Martin is limited to a range of work below any occupation recognized in the Dictionary of Occupational Titles." Opening Brief at p. 5 (Apr. 30, 2010).

The Plaintiff reads the language in *Sisco* too broadly. There the court was determining whether to remand for further proceedings or for an award of benefits. *See Sisco v. United States Department of Health and Human Services*, 10 F.3d at 745-46. The court ultimately opted to order payment of benefits with the following explanation:

5

> Plaintiff's disability has been evaluated by an adjudicatory body no fewer than ten times over the past several years - eight of which have been at various levels in front of the Secretary. In the meantime, Plaintiff has lived on a meager income and tried to support a teenage son. As far as quantum of proof, Plaintiff has exceeded what a claimant can legitimately be expected to prove to collect benefits under the Act. Her case stands unchallenged. The record reveals that the [administrative law judge] has resented Plaintiff's persistence, refused to take her disease seriously, and at times treated her claim with indifference or disrespect. The Secretary is not entitled to adjudicate a case "*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion."

*Id.* at 746 (citation omitted). In the course of ordering benefits, however, the court also referred to the facts that:

- the administrative law judge lacked substantial evidence for his finding that the claimant could perform "full-time sedentary [] work" and

- "sedentary work is the lowest classification under the statute."

*Id.* at 745-46 (citations omitted).

This statement does not suggest that the claimant would have qualified for benefits based solely on her inability to perform a full range of sedentary work. As noted above, the administrative agency there had erred in finding an ability to perform sedentary jobs, the claimant had undergone ten adjudications of her disability claim, she was living on a meager income, she had proven more than anyone could have legitimately expected, and the administrative law judge had resented the claimant's persistence and failed to treat her claim in a respectful manner. *See supra* pp. 5-6. These were the factors, rather than the status of

sedentary work, that led the court to award benefits.³ As a result, *Sisco* does not support recognition of a disability whenever the claimant is unable to perform a full range of sedentary work.⁴

> B. The Administrative Law Judge Could Legitimately Find an Ability to Perform Semi-Skilled Jobs Despite the Existence of Pain

According to the Plaintiff, she is unable to perform the past relevant jobs of telephone solicitor and appointment clerk because those positions are "semi-skilled" and require "appropriate pace and productivity," which are incompatible with chronic leg and back pain.

The Plaintiff's argument is premised on her subjective complaints of pain. While the administrative law judge acknowledged the existence of some pain, he ultimately concluded:

> [T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Although the claimant's pain may preclude her return to more exertional work activities, there is no basis for finding she would suffer significantly limiting pain at the sedentary exertional level. Reducing the claimant's residual functional

---

³ Indeed, as discussed above, Social Security Ruling 96-9p expressly provides that one may be able to engage in substantial gainful activity even without the ability to perform a full range of sedentary jobs. *See supra* pp. 4-5. Although Social Security Rulings do not carry the force of law, they are generally entitled to deference. *See Walker v. Secretary & Health & Human Services*, 943 F.2d 1257, 1259-60 (10th Cir. 1991); *see also supra* p. 5 (noting that Social Security Rulings are binding on the administrative law judge).

⁴ *See Frederick v. Apfel*, Case No. CIV-99-565-L, slip op. at 7-8 n.3 (W.D. Okla. June 19, 2000) (unpublished report and recommendation by magistrate judge) (rejecting the identical argument by the Plaintiff's attorney based on *Sisco*), *adopted* (W.D. Okla. July 28, 2000) (unpublished order by district judge); *see also Willhite v. Barnhart*, Case No. CIV-03-187-P, slip op. at 6 (W.D. Okla. Feb. 11, 2004) (unpublished op.) (post-*Sisco* ruling that "judicial precedent" does not require a finding of "disabled" "solely as a result of the [administrative law judge's] finding of an RFC for less than a full range of sedentary work" (citation omitted)).

7

capacity to the sedentary level with the restrictions set forth above takes into full account limitations caused by pain.

Rec. at p. 18. The judge considered the Plaintiff's pain, but ultimately concluded that it would not preclude sedentary jobs as a telephone solicitor and appointment clerk. *Id.* at p. 19; *see supra* p. 3.

This assessment was within the scope of the judge's domain[5] and Ms. Martin does not challenge the judge's credibility determination. Instead, Ms. Martin assumes that her pain would prevent performance of semi-skilled work because of her inability to sustain pace and productivity. The fallacy in the argument is that the administrative law judge could and did discount the Plaintiff's underlying pain complaints. *See supra* pp. 7-8. In these circumstances, the pain complaints would not have required the judge to find an inability to sustain the pace and productivity required for semi-skilled work.[6]

    C.    The Administrative Law Judge Did Not Overlook the Hypothetical Impact of a Sit-Stand Option or Use of a Cane

Ms. Martin alleges that the administrative law judge overlooked her needs for a sit-stand option and the use of a cane. According to the Plaintiff, these needs conflict with her ability to work as an appointment clerk and telephone solicitor. The Plaintiff is mistaken.

---

[5] "Credibility determinations are peculiarly within the province of the finder of fact." *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990).

[6] *See Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009) ("We have held that claimants who 'often experience[] deficiencies of concentration, persistence, or pace' are capable of performing semiskilled work. . . ." (citation omitted)).

At the administrative hearing, the vocational expert testified that the Plaintiff's past relevant work included the sedentary, semi-skilled jobs of appointment clerk and telephone solicitor. *Id.* at pp. 47-48. Recognizing the need to alternate between sitting and standing, the judge asked the vocational expert whether this accommodation would affect the ability to return to the past jobs. *Id.* at p. 48. The vocational expert acknowledged the possibility of an impact because the employer might or might not allow for this accommodation. *Id.* at p. 48-49. The vocational expert added that employers could accommodate the need for a cane with sedentary positions. *Id.*

In the decision, the judge summarized the vocational expert's testimony regarding the compatibility of the Plaintiff's past relevant work and the accommodations involving a sit-stand option and use of a cane. *Id.* at p. 19. Thus, contrary to the Plaintiff's allegations, the judge did not overlook the alleged need for a sit-stand option and use of a cane.

Ultimately, the administrative law judge assessed the RFC without the need for a sit-stand option or use of a cane. *Id.* at pp. 16-17. The Plaintiff does not challenge this assessment, which eliminated the need to address the potential vocational effect of a cane or sit-stand option.

D. The Administrative Law Judge Made Proper Findings at Step Four

Finally, Ms. Martin:

> challenges the Law Judge's denial for its failure to explain exactly how she could hold a full-time position as a telephone solicitor or as an appointment clerk, assuming she could find such jobs, and assuming she was hired. This violates the holding of *Washington v. Shalala*, 37 F.3d 1437 (10th Cir. 1994).

Opening Brief at pp. 5-6 (Apr. 30, 2010).

The Plaintiff does not further explain her argument, but her reference to *Washington v. Shalala* provides insight. In that case, the Tenth Circuit Court of Appeals held that the administrative law judge had erred through a failure to make the necessary findings regarding the plaintiff's ability to work given his RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994). In the instant case, the administrative law judge committed no similar error.

The administrative law judge discussed the Plaintiff's past relevant work, assessed her RFC, and concluded: "The claimant is capable of performing past relevant work as a telephone solicitor and appointment clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." Rec. at p. 19. Thus, the judge made the required findings and there is no conceivable basis to reverse under *Washington v. Shalala*.

IV. RECORDS FROM THE OU MEDICAL CENTER

Following the administrative decision, the Plaintiff submitted records from OU Medical Center to the Appeals Council with her request for review. *Id.* at pp. 237-49. This evidence documented diagnoses of low back and leg pain, depression, and fibromyalgia. *Id.*

at pp. 245-47. The Appeals Council stated that it had considered the evidence, but denied the Plaintiff's request for review. *Id.* at pp. 5-7. The Plaintiff alleges two errors involving this evidence:

- The administrative decision lacked substantial evidence in light of the records from OU Medical Center; and

- the Appeals Council failed to properly consider the evidence.

Both arguments lack merit.

### A. The Requirements When New Evidence Is Presented to the Appeals Council

The Appeals Council must consider additional evidence if it is new, material, and chronologically relevant. *See Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003); 20 C.F.R. §§ 404.970(b), 416.1470(b). If the Appeals Council considered the evidence, the new documents become part of the record for purposes of a judicial inquiry into the existence of substantial evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).

### B. Alleged Failure to Consider the New Evidence

In the order denying Ms. Martin's request for review, the Appeals Council stated that it had "considered the reasons [the Plaintiff] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Rec. at p. 5. Ultimately, however, the Appeals Council concluded that "this information [did] not provide a basis for changing the Administrative Law Judge's decision." *Id.* at p. 6. Ms. Martin argues that "the Appeals Council failed to consider the OU Medical Center records." Opening Brief at p. 7

11

(Apr. 30, 2010). This argument is invalid because the Appeals Council stated that it had considered the new evidence.

The Tenth Circuit Court of Appeals flatly rejected a virtually identical argument in *Martinez v. Barnhart*, 444 F.3d 1201 (10th Cir. 2006). There the plaintiff alleged that the Appeals Council had failed to consider new evidence and had not adequately discussed the effect of the evidence on the record as a whole. *See Martinez v. Barnhart*, 444 F.3d at 1207. The Tenth Circuit Court of Appeals rejected the argument, stating:

> The Appeals Council stated it "considered the contentions submitted in connection with the request for review, as well as the additional evidence identified on the attached Order of the Appeals Council."
>
> . . . .
>
> The Appeals Council concluded, however, "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision." As a result, we conclude that the Appeals Council adequately "considered ... the additional evidence," meaning that it "evaluate[d] the entire record including the new and material evidence submitted,"
>
> . . . .
>
> While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review. We therefore reject Mr. Martinez's contention that the Appeals Council erred by failing to specifically discuss Dr. Olivares' treatment records.

*Id.* at 1207-1208 (citations omitted).

*Martinez v. Barnhart* is controlling on Ms. Martin's argument concerning the Appeals Council's consideration of the OU Medical Center records. Here, the Appeals Council employed nearly identical language as it had in *Martinez*. *See supra* pp. 11-12. Under *Martinez*, no further analysis was necessary.[7] Employing this rationale, the district court should conclude that the Appeals Council had given adequate consideration to the records from the OU Medical Center.

C. <u>Alleged Lack of Substantial Evidence for the Administrative Decision</u>

The Plaintiff also asserts that with the new evidence from OU Medical Center, the record does not provide substantial evidence for the finding of an ability to "perform effective full-time work." Opening Brief at p. 7 (Apr. 30, 2010). No explanation is provided for the Plaintiff's assertion.

As the Plaintiff points out, the new evidence included references to pain, hypertension, depression, and fibromyalgia. Rec. at pp. 240, 242, 245-47. But even without the new evidence, the record had already contained evidence of each ailment. *See id.* at pp. 85, 105, 111, 114, 120-21, 124, 126, 128-30, 135, 139-40, 152-60, 164-65, 178-80, 182, 185, 193, 195-96, 198, 201, 208, 215, 218, 220, 223, 225, 232. Still, the issue is whether substantial evidence existed for the RFC findings. *See supra* p. 11. There was.

---

[7] *See Martinez v. Astrue*, 2010 WL 3010350, Westlaw op. at 2 (10th Cir. Aug. 3, 2010) (unpublished op.) (holding that when "the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further discussion" (citations omitted)).

For example, when asked about conditions limiting her ability to work, Ms. Martin referred to physical ailments without any mention of mental impairments. *Id.* at p. 85.[8] Notwithstanding the evidence of depression, Ms. Martin admitted that she had no "problems getting along with family, friends - neighbors or others." *Id.* at p. 126. Even with the new evidence, the record does not reflect any medication or counseling for depression. *See id.* at pp. 89, 105 (indicating that the claimant had not seen anyone for mental or emotional problems); *id.* at pp. 106, 113, 133 (listing medications). Three times the University Medical Center reported normal mood and affect. *Id.* at pp. 180, 184, 192.

The administrative law judge also found that Ms. Martin could lift/carry up to ten pounds, stand/walk at least two hours each work-day, sit up to six hours in the work-day, and engage in occasional climbing, balancing, stooping, kneeling, crouching, and crawling. *Id.* at p. 17; *see supra* pp. 3-4. Larry Tarno, D.O. conducted a medical examination and reached:

- an identical assessment on the ability to sit, stand, walk, climb, balance, stoop, kneel, crouch, or crawl and

- an even greater assessment of the ability to lift or carry.

Rec. at p. 168. Similarly, Sherry Wellman, a physician, reviewed the medical record and found physical abilities identical to the assessment by Dr. Tarno. *Id.* at pp. 172-73, 177.

The new evidence conceivably could have led the Appeals Council to reject the administrative law judge's assessment of Ms. Martin's physical or mental abilities. But that

---

[8] Even in her reply brief, Ms. Martin alleges a disability based solely on her physical ailments without mention of mental impairments. Plaintiff's Reply Brief at p. 1 (July 1, 2010).

is not the question presented. Instead, the issue is whether the existing record, with the new documents, provided substantial evidence for the administrative law judge's findings on Ms. Martin's physical and mental abilities. *See supra* p. 11. The Court should answer in the affirmative and reject the Plaintiff's claim.[9]

## V. RECOMMENDATION

The Court should affirm the Social Security Administration's denial of benefits.

## VI. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is September 13, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[10]

## VII. STATUS OF THE REFERRAL

The referral is discharged.

---

[9] In her reply brief, Ms. Martin alleges that the Appeals Council should have discussed its reasons for discounting the new evidence. The Plaintiff provides no support for her belief that the Appeals Council must discuss the new evidence. The Tenth Circuit Court of Appeals has squarely held that no such duty exists on the part of the Appeals Council. *Martinez v. Barnhart*, 444 F.3d 1201, 1207-1208 (10th Cir. 2006); *see supra* p. 12.

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 27th day of August, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge